```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF TEXAS
                        FORT WORTH DIVISION

CLYDE DALE EVANS PARKER,         §
a/k/a Clyde Dale Evans           §
(BOP NO. 34006-177)              §
VS.                              §   CIVIL ACTION NO.4:05-CV-759-Y
                                 §
                                 §
POLICE CHIEF MENDOZA, et al.     §
```

ORDER OF PARTIAL DISMISSAL UNDER 28 U.S.C. § 1915(E)(2) and
  28 U.S.C. § 1915A(b), AND ORDER REGARDING COMPLETION
   AND SERVICE OF SUMMONS UPON THE REMAINING DEFENDANTS
         (With Special Instructions to the Clerk of Court)

The United States magistrate judge permitted Plaintiff, Clyde Dale Evans Parker, to proceed in the above-styled and numbered cause pursuant to 28 U.S.C. § 1915, and Plaintiff was ordered to pay the full filing fee consistent with the Prison Litigation Reform Act ("PLRA"). By order of this Court, Parker was then required to file a more definite statement as to particular factual allegations against the named defendants. Parker timely filed two separate copies of a more definite statement on June 8, 2006 [dockets no. 9 and 10] and, because they are not identical, the Court has reviewed both in considering Plaintiff's statement of his claims. After review and consideration of the complaint and more definite statements, the Court concludes that one of the defendants and some claims must be dismissed, and that Plaintiff must provide completed summons forms to the Court in order to effect service upon the remaining defendants.

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await any responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] The Court concludes that some of Plaintiff's claims must be dismissed.

---

[1] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2006)(emphasis added).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 1999); *see Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West Supp. 2006).

[4] *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Parker has identified as defendants City of Fort Worth Police Chief Ralph Mendoza, and police officers G.W. Wilson, K.R. Bock, and NFN Bruno.[6] (Compl. Style; § IV(B); More Definite Statements ("MDS") at ¶ 2.)  The bulk of plaintiff's factual allegations and claims arise from what he alleges to be excessive force during his arrest by Fort Worth police officers on January 10, 2005.  Parker can base his claims of liability against the individual defendants upon either claims of personal responsibility, or if the defendant acted in a supervisory role, on the basis that such official implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.[7] A supervisory official, however, cannot "be held liable under § 1983 for the unlawful actions of his deputies on the basis of vicarious liability."[8] Beyond naming Ralph Mendoza, when asked to set forth facts of Mendoza's involvement, Parker alleges only that Mendoza "oversees the training of the officers involved." (MDS at ¶ 10.) Even if this is true, Parker has not alleged a causal link between any failure to train or supervise any of the respective officers, and the alleged violations of his rights. Thus, the Court concludes that

---

[6]The clerk of Court is directed to add to the docket as a party defendant NFN Bruno, Officer, Fort Worth police department.

[7]*See Cronn v. Buffington,* 150 F.3d 538, 543 (5th Cir. 1998); *see generally Murphy v. Kellar,* 950 F.2d 290, 291 (5th Cir. 1992)(§ 1983 plaintiff must specify the personal involvement of each defendant).

[8]*Wanger,* 621 F.2d at 679, *citing Baskin v. Parker* 602 F.2d 1205, 1207-08 (5th Cir. 1979).

3

Plaintiff's claims against Ralph Mendoza must be dismissed under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

In addition to the factual allegations regarding the force employed upon him, Parker also complains of the seizure of evidence and its use against him in counts pending on the Dallas division docket (Honorable Sam A. Lindsay) of the Northern District of Texas in *United States v. Clyde Dale Evans,* No.3:05-CR-113-L. In that action, Parker awaits sentencing on his guilty plea to possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). In his more definite statements, Parker complains that drug evidence was seized from a vehicle that was not properly secured by the police for a several-minute period while they were involved in chasing him down.[9] (MDS at ¶ 5.) In *Heck v. Humphrey,*[10] the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

---

[9]The Court also takes judicial notice of the records of the Dallas division of this the Northern District of Texas in *United States v. Evans,* No.3:05-CR-113-L, and in particular the factual resume (docket no. 102).

[10]512 U.S. 477, 486 (1994).

4

corpus."[11]  *Heck* also bars claims, which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge.[12]  As in *Heck*, Plaintiff's challenges, if successful, necessarily would imply the invalidity of his incarceration, and are thus not cognizable under § 1983 unless Plaintiff has satisfied the conditions set by *Heck.*  Plaintiff has failed to establish that he has met one of the prerequisites to a § 1983 action set forth by the Supreme Court: that his imprisonment has been invalidated by a state or federal court. As a result, Plaintiff's claims relating to the seizure of evidence are not cognizable under § 1983, and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[13]

With regard to individual defendants G. W. Wilson, K.R. Bock, and officer Bruno, the Court concludes that, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(2), Plaintiff is entitled to have the summons, complaint, and more definite statements served upon these remaining defendants by a United

---

[11]*Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

[12]*Martinez v. Texas Dept. Of Protective and Regulatroy Services,* No.3:01-CV-1909-X, 2002 WL 83748, at *2 (N.D.Tex. Jan. 14, 2002), *citing Hamilton v. Lyons,* 74 F.3d 99, 103 (5th Cir. 1996)(interpreting *Heck* to prevent accrual of § 1983 claims that would imply the invalidity of pending charges)(other citations omitted).

[13]*See Heck*, 512 U.S. at 487-88;*see also* Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir.1996) (holding that "[a] § 1983 claim which falls under the rule in Heck is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question").

5

States marshal or deputy United States marshal.[14]  In order to serve the complaint and more definite statement, Plaintiff must fill out and return to the clerk of Court one Form 285 and two summons forms for each person to be served.  The Court will direct the clerk of Court to provide the Forms 285 and the summons forms to Plaintiff.  Upon their return, the clerk will then forward the completed summons forms and the completed Forms 285 to the marshal for service.

Therefore, all of Plaintiff's claims against Ralph Mendoza are DISMISSED WITH PREJUDICE to the refiling of same pursuant to 28 U.S.C. § 1915A(b)(1) or, alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Further, all of Parker's claims about the seizure of evidence are hereby DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met, under the authority of 28 U.S.C. § 1915A(b)(1) and, alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[15]

The clerk of Court shall mail to Plaintiff six blank summonses and three Forms 285.  Plaintiff is advised that it is his responsibility to complete the summonses and Forms 285 with correct information as to the appropriate names and the appropriate addresses of the remaining defendants for service. [16]

---

[14]*See Rochon v. Dawson,* 828 F.2d 1107, 1109-1110 (5th Cir. 1987).

[15]*See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

[16]Although the officers of the Court will issue and serve process, they are not authorized to research the proper identity of parties and/or the service address of a party.

Plaintiff shall, if he wishes to proceed with this action as to his remaining claims, complete the summonses and Forms 285 and return them to the clerk within 30 days of the date of this order. Failure of Plaintiff to complete the forms and to timely return same to the clerk could result in the dismissal of the remaining claims in this action without further notice for lack of prosecution.[17]

Upon receipt of the completed forms, the clerk of Court is ORDERED to issue summonses for the remaining Defendants with attached thereto a copy of the complaint, the June 8, 2006, handwritten more definite statement, the June 8, 2006, typed more definite statement, and this order, and deliver them to the United States marshal for service.

Upon receipt of the appropriate forms completed by Plaintiff, the summonses and copies of the complaint and more definite statements shall be served upon the remaining defendants by the United States marshal or deputy United States marshal.

SIGNED November 14, 2006.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[17]See FED. R. CIV. P. 41(b).